IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISON

| | |
|---|---|
| CRAIG BEEMER, individually and as<br>Plaintiff ad Litem for John Beemer, deceased.<br>32212 Rustic Circle<br>Grain Valley, Missouri 64014<br><br>and<br><br>MARK BEEMER<br>11302 E. 50th Terrace<br>Kansas City, Missouri 64133<br><br>           Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA<br>Serve:    Sarah Acosta, Esq.<br>           Office of Chief Counsel<br>           U.S. Department of Veteran Affairs<br>           1201 Walnut, Suite 800<br>           Kansas City, Mo 64106<br><br>           Defendant. | Case No. : |

COMPLAINT
(*Allegations Common to All Counts*)

COME NOW Plaintiffs Craig Beemer and Mark Beemer, and for their allegations common to all counts of this Complaint against Defendant state and allege:

1.      Decedent John Beemer was at all material times a resident of Jackson County, Missouri, residing at 509 NW Manor Drive, Blue Springs, Missouri 64014. At all material times, decedent John Beemer was a veteran of the United States Armed Forces and was treated at pertinent times by Department of Veteran Affairs, Kansas City VA Medical Center at 4801 Linwood Blvd., Kansas City Missouri.

2. This action is brought in accordance with the Missouri Wrongful Death Statute RSMO § 537.080 et seq.

3. At all material times, Plaintiff Craig Beemer was the son of decedent John Beemer. Craig Beemer resides at the above captioned address in Jackson County, Missouri. Craig Beemer is a proper party to bring this suit in the wrongful death of decedent John Beemer pursuant to RSMO § 537.080 (1).

4. Plaintiff Craig Beemer in his capacity of Plaintiff ad Litem brings this action pursuant to R.S.Mo. §§ 537.020 and 537.021, under the Missouri survival statute, for the loss of chance of recovery of his father decedent John Beemer who died on April 29, 2016.

5. At all material times, Plaintiff Mark Beemer was the son of decedent John Beemer. Mark Beemer resides at the above captioned address in Jackson County, Missouri. Plaintiff Mark Beemer is a proper party to bring suit for the wrongful death of John Beemer pursuant to RSMO § 537.080 (1).

4. Defendant United States of America is a government entity, which has facilities throughout the United States, and in particular, the Department of Veteran Affairs, Kansas City VA Medical Center at 4801 Linwood Blvd., Kansas City, Missouri 64128. (hereinafter referred to as "Defendant USA").

5. This Court has jurisdiction over this matter pursuant to Title 28, U.S.C. § 2671, et seq., the Federal Tort Claims Act, and pursuant to Title 28, U.S.C. § 1346. This case arises in the State of Missouri, more specifically the Western District of Missouri. Venue lies in this Court as the negligent acts complained of occurred in Jackson County, Kansas pursuant to 28 U.S.C. § 1391.

6. Plaintiffs timely filed an administrative claim "Form 95" for personal injury with

the Department of Veterans Affairs. Such claim was received by the Department of Veteran Affairs on March 8, 2017. More than six (6) months have elapsed since the filing of the administrative claim with no final disposition of such claim.

7. At all material times, the health care providers and/or personnel who attended decedent John Beemer on his admissions and health care treatment at Kansas City VA Medical Center ("VAMC") on April 6, 2016, as well as prior and subsequent to such date, directly and indirectly were employed as agents, servants and employees of Defendant USA. In doing and omitting to do all the things alleged herein, Defendant's agents, servants, and employees were acting within the scope and course of their employment as health care providers and/or personnel for Defendant USA, and decedent John Beemer was monitored and treated by Defendant health care provider's agents, servants, and employees.

## CONSTITUTIONAL OBJECTIONS

Plaintiffs wish to raise as early as possible Constitutional objections concerning recent legislation concerning medical malpractice/negligence actions.

28. House Bill 393, enacted in 2005, and numerous particular provisions therein, violate the Missouri Constitution and are therefore invalid and without legal effect, as more fully discussed herein.

29. House Bill 393 violates the requirements in Article III, Section 23 of the Missouri Constitution that a bill have only a single subject and that that subject be clearly expressed in its title. The title of HB393 purports to repeal various statutes and enact in lieu thereof twenty-three new sections relating to claims for damages and payment thereof. This title is unconstitutionally under-inclusive because the bill addresses multiple subjects and because some of the provisions enacted under the bill relate to claims other than claims for damages.

30. Section 538.210 of the Revised Statutes of Missouri, which purports to limit Plaintiffs' recovery for non-economic damages against a health care provider in an action for damages for personal injury or death arising out of the rendering of or the failure to render health care services, violates:

    a. Plaintiffs' rights to equal protection of the law, guaranteed by Article I, Section 2 of the Missouri Constitution, because: (1) the cap on non-economic damages irrationally treats plaintiffs in medical malpractice cases differently than plaintiffs in other tort cases, (2) the cap on non-economic damages irrationally treats plaintiffs with severe injuries and large economic damages differently than plaintiffs with little economic damages, (3) the cap on non-economic damages irrationally treats plaintiffs injured by one tortfeasor differently than plaintiffs injured by multiple tortfeasors, (4) the cap on non-economic damages irrationally treats plaintiffs injured by one act, or occurrence, of negligence differently than plaintiffs injured by multiple acts, or occurrences, of negligence, (5) the denial of pre-judgment interest in medical malpractice cases is an arbitrary and irrational distinction between plaintiffs injured by health care providers and plaintiffs injured by other tortfeasors and (6) the cap on punitive damages irrationally treats plaintiffs in tort actions where the defendant pleads guilty to or is convicted of a felony differently than plaintiffs in actions where a criminal prosecution of the defendant is not pursued or is unsuccessful;

    b. Plaintiffs' rights to due process of law, guaranteed by Article I, Section 10 of the Missouri Constitution, because it unreasonably deprives the plaintiff of full and fair compensation for their injuries;

c. Plaintiffs' rights' to a certain remedy for every injury, guaranteed by Article I, Section 14 of the Missouri Constitution, because the statute fails to provide a reasonable substitute for the damages denied to plaintiffs under the statute;

d. Plaintiffs' rights to trial by jury, guaranteed by Article I, Section 22(a) of the Missouri Constitution, because the right to trial by jury as provided for in the Constitution includes the right to have a jury determine all of the plaintiffs' damages without interference by the legislature;

e. the separation of powers, established by Article II, Section 1 of the Missouri Constitution, because it is within the fundamental and inherent function of the courts, not the legislature, to remit verdicts and judgments; and

f. the prohibition against special laws granting to any corporation, association, or individual any special or exclusive right, privilege or immunity, established by Article III, Section 40 (28) of the Missouri Constitution, because the cap (1) arbitrarily distinguishes between slightly and severely injured plaintiffs, (2) arbitrarily distinguishes between plaintiffs with identical injuries and (3) arbitrarily distinguishes between individual types of injuries.

31. Furthermore, application of § 538.210, which purports to limit plaintiffs' recovery for noneconomic damages against a healthcare provider in an action for personal injury arising out of the rendering or failure to render health care services, would violate the proscription against retroactive laws found in Article I, Section 13 of the Missouri Constitution. Plaintiffs' claims and cause of action accrued prior to August 28, 2005. The statutory changed to (1) caps on noneconomic damages and (2) respondent superior liability found in revised § 538.210 are

substantive in nature, and therefore revised § 528.210 cannot be applied retroactively to Plaintiffs' claims.

32. Section 538.225 of the Revised Statutes of Missouri, which requires plaintiffs' counsel to submit an affidavit stating that counsel has obtained the written opinion of a legally qualified health care provider that each defendant had breached the applicable standard of care, purports to limit the definition of "legally qualified health care provider" to those who either are practicing or have recently practiced the same specialty as the defendant, and purports to require the court to dismiss the action if either plaintiff's counsel fails to submit said affidavit or, after in camera review of the written opinion, the court determines that there is not probable cause to believe that a qualified and competent health care provider will testify that the Plaintiff was injured due to medical negligence by a defendant, violates:

    a. Plaintiffs' rights to open courts and a certain remedy for every injury, guaranteed by Article I, Section 14 of the Missouri Constitution;

    b. Plaintiff's rights to trial by jury, guaranteed by Article I, Section 22(a) of the Missouri Constitution;

    c. the separation of powers, established by Article II, Section 1 of the Missouri Constitution; and

    d. the requirement that any law amending or annulling a Supreme Court rule of practice, procedure, or pleading be limited to that purpose, established by Article V, Section 5 of the Missouri Constitution.

33. Section 490.715 of the Revised Statutes of Missouri, which purports to transfer from the jury to the court the authority to determine the value of medical treatment rendered to the Decedent, violates Plaintiffs' rights to trial by jury as guaranteed by Article I, Section 22(a)

of the Missouri Constitution, because the right to trial by jury as provided for in the Constitution includes the right to have a jury determine all of the plaintiff's damages without interference by the legislature.

34. Section 408.040 of the Revised Statutes of Missouri, which purports to establish different rates for the calculation of post-judgment interest in tort and non-tort actions, as well as different rates for the calculation of pre- and post-judgment interest in tort actions, violates Plaintiffs' right to equal protection of the law, guaranteed by Article I, Section 2 of the Missouri Constitution.

35. Section 538.300 of the Revised Statutes of Missouri, which purports to exempt tort claims against health care providers from the statutory requirements for payment of pre- and post-judgment interest set forth in Section 408.040 of the Revised Statutes of Missouri, violates plaintiffs' right to equal protection of the law, guaranteed by Article I, Section 2 of the Missouri Constitution and the prohibition against special laws granting to any corporation, association, or individual any special or exclusive right, privilege or immunity, established by Article III, Section 40 (28) of the Missouri Constitution.

36. Section 537.067 of the Revised Statutes of Missouri, which purports to eliminate the joint and several liability of tort defendants who are found to bear less than fifty-one percent (51%) of the fault for plaintiff's injuries, and to prohibit any party from disclosing the impact of this provision to the jury, violates :

    a. Plaintiffs' right to due process of law, guaranteed by Article I, Section 10 of the Missouri Constitution, because it may unreasonably deprive the plaintiffs of full compensation for their injuries; and

b. Plaintiffs' right to a certain remedy for every injury, guaranteed by Article I, Section 14 of the Missouri Constitution, because the statute fails to provide a reasonable substitute for the damages denied to plaintiffs under the statute.

37. Furthermore, the application of §537.067, which purports to eliminate joint and several liability of tortfeasors who are found to bear less than fifty-one percent (51%) of the fault for plaintiffs' injuries, and to prohibit any party from disclosing the impact of this provision to the jury, would violate the proscription against retroactive laws found in Article I, Section 13. Plaintiffs' claims and cause of action accrued prior to August 28, 2005. The statutory changes to joint and several liability are substantive in nature, and therefore § 537.067 cannot be applied retroactively to Plaintiffs' claims.

## FACTUAL ALLEGATIONS

8. Decedent, John Beemer began treating with the VAMC several years prior to 2016.

9. During the course of Mr. Beemer's treatment, the VA Medical Center became aware of Mr. Beemer's allergy to cephalosporin medications. VAMC records dating back to January 2008 clearly document Mr. Beemer's allergy to cephalosporin medications.

10. A risk of Stephen-Johnson Syndrome (SJS)/Toxic Epidermal Necrolysis (TEN) is associated with allergic reactions to cephalosporin medications.

11. SJS/TEN are dermatologic disorders that are the result of an immune complex hypersensitivity disruption of the skin and mucus membranes (most often from allergic reactions to specific medications) resulting in severe consequences. Stevens-Johnson syndrome (SJS) generally refers to individuals with less than 25% of their body surface area covered, and those that have more than 30% are classified as the more severe toxic epidermal necrolysis (TEN) category. In its severest

form, this results in profound impact on multiple organ systems, predisposing to pneumonia, sepsis, and renal failure. Early recognition of SJS/TEN is paramount in preventing lasting injury or death.

12. Mr. Beemer presented to the VAMC Emergency Department on April 6, 2017 complaining of shortness of breath and overall weakness.

13. He was initially diagnosed with community acquired pneumonia and, despite his allergy, was administered Ceftriaxone, a cephalosporin medication. Mr. Beemer was discharged the same day.

14. Mr. Beemer returned to the VAMC on April 8, 2016 complaining of a severe 'drug rash' in addition to his previous ailments.

15. He was admitted to the VAMC. Despite the fact that Mr. Beemer had been diagnosed with a 'drug rash' and despite the new symptoms of redness of his skin over much of his body, the caregivers at the VAMC. continued to administer Ceftriaxone from April 8, 2017 through April 9, 2017.

16. At no time, did any of his caregivers review his medical records to see that Mr. Beemer was allergic to Ceftriaxone.

17. Mr. Beemer's drug rash significantly worsened after April 8, 2017 and April 9, 2017.

18. By April 11, 2016, Mr. Beemer's drug rash progressed to pustular lesions that covered his face and produced an edematous appearance, a classic symptom of Steven-Johnson Syndrome (SJS)/Toxic Epidermal Necrolysis (TEN).

19. Despite these worsening symptoms of SJS/TEN, the VAMC failed to take any steps to diagnose his life-threatening condition. Instead, Mr. Beemer continued to be treated for community acquired pneumonia from that date until April 26, 2016.

20. Mr. Beemer was discharged to hospice care on April 26, 2017. He subsequently died on April 29, 2017 as a result of sepsis caused by SJS/TEN.

COUNT I
(*Wrongful Death*)

COME NOW Plaintiffs, Craig Beemer and Mark Beemer, for Count I of this Complaint against Defendant USA, pursuant to R.S.Mo. §537.080, state and allege:

21. Plaintiffs hereby incorporate by reference each of the preceding paragraphs as though fully set forth herein.

22. Defendant USA, operating through its agents, servants or employees had a duty to decedent John Beemer to provide medical care in accordance with the accepted standards of care for physicians and hospitals providing medical care, including the proper and timely diagnosis and treatment of medical conditions and disease processes; Defendant USA further had a duty, by and through its agents, servants and employees to provide proper medical care to its patients at the VAMC and, in particular to the decedent John Beemer.

23. Defendant USA, through its agents, servants and employees, breached said duties by negligently failing to measure up to the standards of due care required by members of Defendant USA's profession in the following particulars, to wit:

   (a) In administering Ceftriaxone, a cephalosporin medication to Decedent despite knowing of Decedent's allergy to cephalosporin medications;

   (b) In failing to review Decedent medical records for known allergies;

   (c) In failing to recognize and treat the symptoms of Decedent's allergic reaction to Ceftriaxone;

   (d) In administering Ceftriaxone to Decedent after Decedent developed symptoms of an allergic reaction to Ceftriaxone;

   (e) In failing to recognize Decedent's signs and symptoms consistent with Stephen-Johnson Syndrome/Toxic Epidermal Necrolysis;

(f) In failing to order and perform tests necessary to diagnose Decedent's Stephen-Johnson Syndrome/Toxic Epidermal Necrolysis;

(g) In failing to rule out Stephen-Johnson Syndrome/Toxic Epidermal Necrolysis for the cause of Decedent's symptoms;

(h) In failing to appropriately diagnose and treat Decedent's Stephen-Johnson Syndrome/Toxic Epidermal Necrolysis; and

(i) In other ways that Plaintiffs at this point are unaware of, but may become apparent over the course of discovery in this case.

24. As a direct and proximate result of the negligence of Defendant decedent John Beemer was caused injury that resulted in his death.

25. As a direct and proximate result of the negligence of Defendant decedent John Beemer suffered and endured prior to his death a significant level of physical and mental pain and suffering.

26. As a direct and proximate result of the negligence of Defendant, Plaintiffs, as heirs at law of John Beemer, have suffered mental anguish, suffering, and bereavement; loss of society, companionship, comfort, and protection; loss of marital care, attention, advice and counsel; loss of parental care, training, guidance, and education; and reasonable funeral expenses.

WHEREFORE, Plaintiffs Craig Beemer and Mark Beemer pray for judgment against Defendant United States of America under Count I of this Complaint, for just and fair compensation adequate to compensate Plaintiffs for the injuries and damages suffered and incurred in the past and will continue to suffer and incur in the future, as well as for Plaintiffs

costs herein incurred and expended, and for such and further relief as the Court may deem just and necessary under the circumstances.

## COUNT II
*(Loss Chance of Recovery and/or Survival)*

COME NOW Plaintiff Craig Beemer, as Plaintiff ad Litem for John Beemer, deceased, and for Count II of this Complaint against Defendant USA, and alleges:

27. Plaintiff ad Litem Craig Beemer hereby incorporates each of the preceding paragraphs as though fully set forth herein.

28. Defendant USA through its agents, employees, and/or servants while within the scope of their employment, owed a duty to decedent John Beemer to possess and use the degree of skill and learning ordinarily used under the same or similar circumstances by members of Defendant's profession; Defendant USA further had a duty to provide proper medical care to patients and, in particular to decedent John Beemer.

29. Defendant USA breached said duties and was negligent in failing to use that degree of skill, care, learning, and judgment ordinarily used under the same or similar circumstances by members of its profession as stated herein and incorporated by reference.

30. As a direct and proximate result of the negligence and wrongdoing of Defendant USA as aforesaid, decedent John Beemer who prior thereto had a material chance of survival and/or recovery, lost such chance for survival and/or recovery due to the negligence of Defendant.

31. As a direct and proximate result of the negligence of Defendant USA decedent John Beemer was caused to be damaged and injured as follows: he suffered a loss of a material chance of recovery; he suffered much greater pain of body and mind due to the negligent treatment by Defendant; he suffered a reduced life expectancy; he incurred reasonable and

necessary medical expenses, including but not limited to, hospital bills, doctor's bills, and other related bills for medical treatment, the exact amount of which is unknown at this time; he suffered a loss of his enjoyment of life; that his injuries were permanent and progressive, and he suffered permanent injuries, disabilities, and a loss of chance of recovery.

32. As a direct result of the loss of survival and/or recovery of decedent John Beemer, Craig Beemer as Plaintiff ad Litem seeks recovery of such damages that decedent John Beemer suffered between the time of his injuries and the time of his death, and for the recovery of which the decedent might have maintained an action had death not ensued; further, Plaintiff seeks damages for the pecuniary loss suffered by reason of the death of decedent John Beemer, including funeral expenses and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support which Plaintiffs have been deprived by reason of the death of John Beemer.

WHEREFORE, Plaintiff Craig Beemer, as Plaintiff ad Litem for John Beemer, deceased, prays for judgment against Defendant United States of America under Count II of this Complaint, for just and fair compensation adequate to compensate Plaintiff for the injuries and damages decedent John Beemer has suffered and incurred in the past, as well as for Plaintiff's costs herein incurred and expended, and for such and further relief as the Court may deem just and necessary under the circumstances.

Respectfully submitted,

/s/ Leland F. Dempsey
Leland F. Dempsey   Mo# 30756
Dempsey & Kingsland, P.C.
1100 Main Street, Suite 1860

Kansas City, Missouri 64105
(816) 421-6868
(816) 421-2610 facsimile

ATTORNEYS FOR PLAINTIFFS